IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SIBERT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 17 C 2645 |
| DES PLAINES SCHOOL DISTRICT 62 | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Des Plaines School District 62's (District) motion to dismiss. For the reasons stated below, the motion to dismiss is granted.

**BACKGROUND**

Plaintiff Michael Sibert (Sibert) was allegedly employed by the District as a teacher at Chippewa Middle School (School). Leah Kimmelman (Kimmelman) was allegedly the principal at the School, and Paul Hertel (Hertel) was allegedly the Associate Superintendent for Human Resources. Sibert contends that Kimmelman created a hostile work environment to employees who reported to her, especially male employees. In the Spring of 2015, Kimmelman allegedly removed Sibert from

1

the teacher position at the School. Sibert contends that he then suffered a nervous breakdown. In November 2015, Sibert allegedly contacted Ellen Swanson (Swanson), Assistant Superintendent for Student Services, indicating his intent to file a complaint against the District relating to his alleged treatment by Kimmelman. Subsequently, the District allegedly informed Sibert that an investigation was being conducted regarding his allegations. Sibert contends that the investigation caused him additional stress and caused his mental state to deteriorate further. Sibert brought the instant action and includes in his complaint claims brought under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.* alleging gender discrimination and a hostile work environment (Count I), and a claim brought under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* alleging a hostile work environment. The District now moves to dismiss all claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a

'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

The District argues that the Title VII claims are untimely and that Sibert fails to state a valid ADA claim.

I.  Title VII Claims (Count I)

The District contends that Sibert's Title VII claims are time-barred.  In order to bring a Title VII claim in Illinois, the plaintiff must first "file a charge with the EEOC within 300 days of the alleged unlawful employment practice." *Boston v. U.S. Steel Corp.*, 816 F.3d 455, 463 (7th Cir. 2016)(citing 42 U.S.C. § 2000e–5(e)(1)).  In the instant action, Sibert alleges that he was harassed by Kimmelman.  Sibert further alleges that in the Spring of 2015 he was removed from

3

his teaching position. (Compl. Par. 19). The District contends that Sibert was in fact transferred to a new school in June 2015. Sibert's own allegations bear out such a conclusion since the complaint contains no allegations of interactions with Kimmelman after the end of the 2014/15 school year. Sibert's own allegations indicate that he was not working at the School and that Kimmelman was not acting as his supervisor after the 2014/15 school year. In regard to Hertel, the complaint is devoid of any specific allegations indicating that he did anything wrong, other than a conclusory allegation that there was also a "hostile work environment created by" him. (Compl. Par. 23). The EEOC Charge, which is attached to the complaint, indicates that it was filed on September, 2016, far beyond the 300-day limit. In response to the instant motion, Sibert now asserts that even though he no longer worked for Kimmelman, the alleged harassment and discrimination was somehow"carried out further under the guise of a purported investigation. . . ." (Resp. 5). Sibert, however, cannot amend his complaint in his response and such allegations are not in his complaint. Also, even if Sibert disliked the investigation or found it stressful, the complaint fails to contain allegations that would plausibly suggest that the investigation created a hostile work environment or could support a gender discrimination claim. Nor has Sibert presented allegations plausibly suggesting that any conduct was related to his gender. In addition, Sibert has not shown that the equitable tolling doctrines are applicable in this case. Therefore, the District's motion to dismiss the Title VII claims (Count I) is granted.

II. ADA Claims (Count II)

The District contends that Sibert has failed to allege sufficient facts to state a valid ADA claim. Sibert has asserted an ADA hostile work environment claim. The Seventh Circuit has not recognized such a cause of action, and this court declines to recognize such a novel legal theory. *See Silk v. City of Chicago*, 194 F.3d 788, 803 (7th Cir. 1999)(stating that "[t]his circuit has not recognized explicitly an ADA claim based on hostile environment or harassment"). In addition, regardless, the facts in this case are insufficient to plausibly suggest a hostile work environment. Sibert's own facts suggest that he was on leave from work addressing his alleged mental health issues during the pertinent period. It is difficult to conceive how Sibert could have been working in a hostile work environment when he was on leave and not at work. In addition, although Sibert indicates in the complaint that he disagreed with the manner in which the investigation was conducted, he fails to allege facts that would indicate any conduct that could conceivably rise to the level of a hostile work environment. For example, Sibert complains that during the investigation he was questioned, "forcing him to relive and retell the events that led to his breakdown, even though he had already detailed the many incidents to Swanson and Hertel." (Compl. Par. 32). There would have been nothing improper if an investigator, investigating Sibert's complaints, asked Sibert himself to recount his version of the facts. Although Sibert asserts that he "suffered a great amount of anxiety involving the process of the investigation" and was "worrying," his subjective feelings are not dispositive in regard to determining whether he was subjected to a hostile work

5

environment. (Compl Par. 31, 34); *see also Passananti v. Cook Cty.*, 689 F.3d 655, 667-68 (7th Cir. 2012)(stating that the hostile work environment "assessment must be made from both subjective and objective viewpoints"); *Racicot v. Wal-Mart Stores, Inc.*, 414 F.3d 675, 677 (7th Cir. 2005)(stating that "[a] hostile work environment is one that is both objectively and subjectively offensive"). Sibert also contended that he was subjected to "anxiety and stress" during the "process of retelling his story. . . ." (Compl Par. 39). However, as part of a proper thorough investigation, initiated by a complaint from Sibert himself, it may have been appropriate to question Sibert on multiple occasions. Sibert fails to allege facts to plausibly suggest that any retelling of his story was part of an effort to harass him. Sibert also contends that he believed at one point that the investigators were not interested in his alleged treatment at the School and were more interested in "attacking him about mental health issues." (Compl. Par. 41). Again, while Sibert may have subjectively had such paranoia, he has not alleged specific facts to plausibly suggest that to be the case. Sibert fails to allege any specific conduct by the investigators that would constitute improper conduct. Sibert's mere dissatisfaction with the investigator's ultimate findings is not sufficient to establish any wrongful conduct on the part of the investigators. While Sibert clearly alleges that he subjectively believed he was being harassed and subjected to a hostile work environment, the allegations in his complaint are insufficient to plausibly suggest any such legal determination. Therefore, the District's motion to dismiss the hostile work environment claim (Count II) is granted.

## CONCLUSION

Based on the foregoing analysis, the District's motion to dismiss is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: July 28, 2017